IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                             ) | |
| Plaintiff,        ) | |
|                             ) | |
| v.                          ) | Case No. 10-00279-01-CR-W-SOW |
|                             ) | |
| DANZEL A. REESE,            ) | |
|                             ) | |
| Defendant.        ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Danzel Reese's Motion to Dismiss Indictment (doc #32). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

On October 5, 2010, the Grand Jury returned a two count indictment against Danzel A. Reese and Terrell E. Lewis. The indictment charges:

COUNT ONE

     1.    At all times material to this Indictment, the Still Goods Designs Store, located at 1015 East 55th Street, Kansas City, Jackson County, Missouri, was engaged in the wholesale purchase of clothing and clothing accessory products, and in the retail sale of clothing and clothing accessory products in interstate commerce and was an industry which affects interstate commerce.

     2.    On or about August 19, 2010, in the Western District of Missouri, defendants DANZEL A. REESE and TERRELL E. LEWIS, did intentionally and unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in 18 U.S.C. § 1951, and the movement of the articles and commodities in such commerce, by robbery as that term is defined in 18 U.S.C. § 1951, in that, defendants DANZEL A. REESE and TERRELL E. LEWIS, did knowingly, intentionally, and unlawfully take and obtain property consisting of United States currency from the Still Goods Designs Store, 1015 East 55th Street, Kansas City, Jackson County, Missouri, and in the presence of Stephanie D. Allen and Monica J. Allen, employees of Still Goods Designs, against each person's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to each person, that is, defendants DANZEL A. REESE and TERRELL E. LEWIS, used, carried, and brandished, and caused to be used, carried, and brandished, a firearm during the demands for property at the Still Goods Designs Store.

All in violation of Title 18, United States Code, Sections 1951 and 2.

COUNT TWO

On or about August 19, 2010, in the Western District of Missouri, defendants DANZEL A. REESE and TERRELL E. LEWIS, during and in relation to a crime of violence, namely, the offense of robbery of a business engaged in interstate commerce, as charged in Count One of this Indictment, a felony for which defendants DANZEL A. REESE and TERRELL E. LEWIS, may be prosecuted in a court of the United States, used, carried, and brandished, and caused to be used, carried, and brandished, a firearm, to wit: a Colton, .45 caliber pistol.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and (ii), and 2.

(Indictment (doc #1) at 1-2)

The statutes at issue provide:

§ 1951. Interference with commerce by threats or violence

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section–
>
> * * *
>
> (3) The term "commerce" means ... all commerce between any point in a State ... and any point outside thereof ....

18 U.S.C. § 1951.

> § 924. Penalties
>
> (c)(1)(A) ... any person who, during and in relation to any crime of violence ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence ... –
>
> * * *
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; ...

18 U.S.C. § 924(c)(1)(A)(ii).

## II. DISCUSSION

Defendant Reese argues that the indictment brought against him is unconstitutional for the following reasons:

> In our case at bar, the alleged connection to interstate commerce is $65.00, alleged to have been taken from Still Good Design. When currency is the only alleged nexus to interstate commerce, Courts have routinely said, this is a broad expansion of federalism. The court in Peterson stated, "To endorse this sort of showing would require an overly expansive interpretation of the Hobbs Act. As the Eleventh Circuit intimated, '[w]e acknowledge that cash may 'travel' in interstate commerce but ... [w]e do not rest our decision on this weak read [sic].'" United States v. Peterson, 236 F.3d 848 (7th Cir. 2001)(quoting United States v. Paredes, 139 F.3d 840, 844 n.3 (11th Cir. 1998)). The reason behind this read [sic] practically speaking under the current indictment and from past circuit ruling is "all robberies committed outside of Texas could be classified as federal crimes (as all robberies committed in Washington, D.C. are already so)." The government in Peterson conceded that the out-of-state origin of the currency alone is insufficient to satisfy the commerce element of the Hobbs Act.
>
> The robbery of currency as charged in the indictment does not affect interstate commerce, because the present robbery does not have a sufficient nexus to interstate commerce and the alleged robbery only deals with United States currency, thus there is no federal jurisdiction of this matter and should be dismissed with prejudice.

(Motion to Dismiss Indictment (doc #32) at 4-5)

However, contrary to defendant Reese's argument, in this case, the government is not basing jurisdiction on the fact that the stolen currency had traveled through interstate commerce as the government did in United States v. Peterson, 236 F.3d 848 (7th Cir. 2001). The Peterson court found that the government did not meet its burden under the Hobbs Act of proving that the robbery affected interstate commerce where the government merely established that the money taken was printed out-of-state, and thus was at one time in interstate commerce. Id. at 853. The government presented no evidence to suggest that the person who was robbed ran an interstate business. Id. at 855. In defendant Reese's case, jurisdiction is based on the "depletion of assets"[1] theory. This theory was specifically mentioned and approved of in Peterson. The court stated:

---

[1] "This theory relies on a minimal adverse effect upon interstate commerce caused by a depletion of the resources of the business which permits the reasonable inference that its operations are obstructed or delayed." United States v. Collins, 40 F.3d 95, 99 (5th Cir. 1994), cert. denied, 514 U.S. 1121 (1995).

3

> Traditionally, the government meets the de minimis standard under the "depletion of assets" theory. The government presents evidence that a business is either actively engaged in interstate commerce or customarily purchases items in interstate commerce, and had its assets depleted by the robbery, thereby curtailing the business' potential as a purchaser of such goods.

<u>Id.</u> at 854.

Here, the government has alleged that defendants robbed Still Goods Designs Store, a store which was engaged in the wholesale purchase of clothing and clothing accessory products and in the retail sale of clothing and clothing accessory products in interstate commerce and was an industry which affected interstate commerce. (<u>See</u> Indictment (doc #1) at 1) The government has stated that it "will present evidence that at the time of the robbery Still Good Designs was a retail store which sold clothing apparel purchased, at least in part, from a company located in California." (Government's Response in Opposition to Defendant Reese's Motion to Dismiss Indictment (doc #34) at 4) The Eighth Circuit has repeatedly held that if a business selling goods which are manufactured outside the state is robbed, a charge brought under 18 U.S.C. § 1951(a) is appropriate. <u>See</u> <u>United States v. Dobbs</u>, 449 F.3d 904, 912 (8th Cir. 2006)("robberies from small commercial establishments qualify as Hobbs Act violations so long as the commercial establishments deal in goods that move through interstate commerce"); <u>United States v. Vong</u>, 171 F.3d 648, 654 (8th Cir. 1999)(robberies of jewelry stores interfered with interstate commerce under the Hobbs Act because the stores "bought and resold jewelry that was manufactured, in part, outside the State of Minnesota and shipped to the stores using interstate transportation channels"); <u>United States v. Quigley</u>, 53 F.3d 909, 910 (8th Cir. 1995)("When a business that sells goods manufactured outside the stated is robbed, interstate commerce is usually sufficiently affected for the purposes of § 1951(a).") Defendant Reese even acknowledges in his motion that "[t]here will be a Hobbs violation so long as the commercial establishment deals in goods that move through interstate commerce." (Motion to Dismiss Indictment (doc #32) at 4)

Given that the instant indictment charged the necessary jurisdictional element, i.e. that defendant obstructed commerce or the movement of an article or commodity in commerce by

robbery of a business engaged in interstate commerce, defendant's argument for dismissal must fail. Whether the government will introduce sufficient evidence to prove that the Still Goods Designs Store was engaged in interstate commerce cannot be resolved prior to the government's presentation of its case to the jury.

III. CONCLUSION

For the reasons set forth above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Reese's Motion to Dismiss Indictment (doc #32).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                      */s/ Sarah W. Hays*
                                                   SARAH W. HAYS
                                    UNITED STATES MAGISTRATE JUDGE